Darlene SHERMAN, on behalf of and as next friend to Lakisha Sherman, Plaintiff,

v.

Tim HELMS, individually and in his official capacity as Washington Middle School principal, Charles M. Fuller, individually and in his official capacity as Washington Middle School assistant principal, Willie James Parker, Jr., individually and in his official capacity as Washington Middle School custodian, Grady County, and Grady County Board of Education, Defendants.

No. 6:98–CV–26(WLS).

United States District Court, M.D. Georgia, Thomasville Division.

Jan. 26, 2000.

William P. Keenan, Atlanta, GA, William P. Tinkler, Jr., Decatur, GA, Deana L. Simon, Decatur, GA, for Darlene Sherman, plaintiff.

D. Glenn Brock, Marietta, GA, for Tim Helms, Charles M. Fuller, Grady County Bd. of Educ., defendants.

Willie James Parker, Jr., Leesburg, GA, pro se.

### ORDER

SANDS, District Judge.

Presently before the Court is the Defendants' Motion to Dismiss (Doc. No. 11) and Defendants' Motion for Summary Judg-

ment (Doc. No. 28). For the following reasons, the Court finds Defendants' Motion to Dismiss should be granted-in-part and denied-in-part and that Defendants' Motion for Summary Judgment should be granted.

## BACKGROUND

The following factual summary is based on the parties' statements of facts submitted in connection with the pending motion for summary judgment. Those material facts which are controverted and supported by deposition testimony or other evidence are stated in the light most favorable to the Plaintiff, the nonmoving party.

During September 1996, the students who attended Washington Middle School were required to attend discipline assemblies. Fuller Aff. at ¶ 4. At those assemblies, Assistant Principal Charles Fuller informed the students to tell a teacher or administrator if they were having any problem involving sexual harassment. Fuller Aff. at ¶ 4. Lakisha Sherman was not absent from Washington Middle School during the month of September 1996.

On the day before a school project was due, LaKisha Sherman borrowed her teacher's keys so LaKisha could enter the teacher's classroom to retrieve her project, which needed to be completed before the project was due. Depo. of LaKisha Sherman at 31–32. LaKisha does not remember what project was due or which of her female teachers allowed her to borrow the keys. Depo. of L. Sherman at 31–32, 55–56. After she picked up her project, Defendant Parker, the school custodian, asked if LaKisha would meet him by the door of the ISS Building, a separate building on the school's grounds. Depo. of L. Sherman at 25. LaKisha did so, at which point he told her to go into the building. According to LaKisha Sherman, Defendant Parker sexually assaulted and raped her while they were in the ISS Building.[1] This building was not equipped with sur-

veillance cameras. Depo. of T. Helms at 52. LaKisha Sherman did not reveal this incident to family or friends before Washington Middle School discovered the occurrence during its own investigation. Depo. of L. Sherman at 48–49.

On October 15 or October 16, Chrispina Daniels, a student at Washington Middle School, reported that a custodian was making sexual comments to her. Depo. of C. Fuller at 15–16. Based on this complaint, Assistant Principal Fuller and Principal Helms confronted. Mr. Parker about the allegations. *Id.* at 17. Mr. Parker denied making such statements, at which point, Assistant Principal Fuller told Mr. Parker that he would be fired if the allegations were true. *Id.* Defendant Parker was warned not to have any contact with the student. Depo. of T. Helms at 30. After this meeting, Principal Helms approached Mr. Parker's supervisor, Jimmy Lee Williams, and asked Mr. Williams to keep an eye on Mr. Parker. Depo. of J. Williams at 19–20. On Friday, October 25, 1996, three students reported to Ms. Fannie Taylor, a school counselor, that Mr. Parker was making inappropriate comments to them. Depo. of F. Taylor at 9–11. Ms. Taylor interviewed two of these students the following Monday. *Id.* at 12–13. Ms. Taylor reported these allegations to Mr. Fuller and Mr. Helms. *Id.* at 14. During the interview with these students, school officials discovered that LaKisha Sherman may have had a problem with Defendant Parker. Depo. of T. Helms at 34. Principal Helms called LaKisha to his office, at which point she reported the incident. *Id.* at 34–36. School officials made a report to the Department of Family and Children's Services. *Id.* at 37. Principal Helms informed the school superintendent of the situation and Mr. Parker's employment was terminated on the same day. *Id.* at 37–38.

1. As the pending Motion for Summary Judgment does not concern Defendant Parker's liability and Plaintiff supported her version of the facts through LaKisha Sherman's deposition, for the purposes of this motion, the Court takes the facts in the light most favorable to Plaintiff, the non-moving party.

Based on the above facts, Plaintiff filed the above-entitled action, including allegations that Defendants violated Title IX, 42 U.S.C. § 1983, and 42 U.S.C. § 13981 et seq. ("The Violence Against Women Act"), as well as various state law claims. Defendants Tim Helms, Charles M. Fuller, Grady County, and Grady County Board of Education answered the complaint and then filed a Motion to Dismiss, and after discovery concluded, a Motion for Summary Judgment.

## DISCUSSION

### I. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

A defendant may move to dismiss a complaint or parts of a complaint before or after filing an answer. *See* Fed.R.Civ.P. 12(b)(6). To prevail on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint, and does not invite the Court to assess the veracity or weight of the evidence which may be offered in its support. Thus, the Court is required to accept all of Plaintiff's allegations as true, and draw all reasonable inferences in his favor. The Court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

### II. ANALYSIS OF MOTION TO DISMISS

After filing an answer, Defendants Tim Helms, Charles M. Fuller, Grady County, and Grady County Board of Education[2] moved the Court to dismiss Plaintiff's

Complaint against them for failure to state a claim upon which relief may be granted. Specifically, Defendants at Issue contend that the Court should dismiss the following claims as they pertain to the Defendants at Issue: Title IX; all claims alleged under 42 U.S.C. § 1983; and those claims asserted under 42 U.S.C. § 13981 et seq. ("The Violence Against Women Act"). After reviewing the briefs and the complaint, the Court finds it would be more appropriate to address most of the Defendants' assertions under the Defendants' at Issue Motion for Summary Judgment, where the record is more fully developed, particularly in light of the fact that a court may grant a 12(b)(c) motion to dismiss only if "it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations." However, the Court does find that Defendant's portion regarding Section 13981(c) is properly before this Court on a Motion to Dismiss.

▋ In their motion to dismiss, Defendants at Issue assert that under 42 U.S.C. § 13981(c), a victim may recover against only the perpetrator, pointing out that the statute does not provide or imply any cause of action based upon an agency theory or upon the status as an employer. Plaintiff does not contest this assertion. Upon review, the Court notes that during this portion of the complaint, Plaintiff narrows her assertions to address only Defendant Parker's actions as they pertain to the incident involved. The complaint does not address any action that the Defendants at Issue have taken which would support a theory of recovery under an agency theory or upon status as an employer under the Violence Against Women Act. Accordingly, the Court finds that the portion of the complaint which asserts a violation of 42 U.S.C. § 13981 should be dismissed without prejudice as it pertains to Defendants Tim Helms, Charles M. Fuller, Grady County, and Grady County Board of Edu-

---

2. Hereinafter, this group of Defendants shall be referred to as "Defendants at Issue" and do not include Defendant Willie James Par-   ker, Jr., unless Defendant Parker is specifically noted.

cation. This claim still pertains to Defendant Parker. Plaintiff may file an amended complaint **within twenty (20) days** from the date of this Order in which would more particularly allege facts demonstrating the Defendants' at Issue liability under this claim. Therefore, the Court finds Defendants' Motion to Dismiss should be granted as to 42 U.S.C. § 13981; the remaining portions of the Motion to Dismiss should be denied and instead are addressed below in the Defendants' at Issue Motion for Summary Judgment upon review of the entire record.

## III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." *Fitzpatrick*, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party. *Fitzpatrick*, 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. *Id.* Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

## IV. ANALYSIS OF SUMMARY JUDGMENT MOTION

### A. Title IX Claims

The Plaintiff has filed Title IX claims against the Defendants at Issue. Title IX provides in part that, "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). It is well established that Title IX is enforceable though an implied private right of action. *See Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). More recently, the Supreme Court held that monetary damages are available in the implied private action. *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992).

In their motion for Summary Judgment, Defendants at Issue assert the Title IX claims should be dismissed, pointing to

*Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). In this case, the Supreme Court defined the contours of a school district's liability for instances where school personnel sexually harassed a student. *Id.* The plaintiff in that action, Alida Star Gebser, was an eighth grade student at a middle school when she joined a high school book discussion group led by teacher Frank Waldrop. *Id.*, 118 S.Ct. at 1993. Waldrop initiated sexual contact with Gebser the spring of 1991, resulting in a sexual relationship between the student and teacher which lasted through the remainder of the year and into the next school year. Gebser never reported the sexual relationship or any sexual harassment to school officials. *Id.* Although Gebser knew the relationship was improper, she stated that she was unsure how to react and, further, that she wanted to retain Waldrop as her teacher. In October of 1992, the parents of two other students in the class raised a complaint with the school principal that Waldrop made inappropriate comments during class. The principal arranged for a meeting with Waldrop and the parents, in which Waldrop stated that he did not believe he made inappropriate comments, but apologized for it and ensured that it would not happen again. The principal warned Waldrop that he must be careful about the comments he made in the classroom. *Id.* Although the high school principal informed the school guidance counselor about the incident, he did not inform the school superintendent. In January 1993, a police officer discovered Waldrop and Gebser involved in sexual intercourse outside of school grounds. Waldrop was arrested and his employment was terminated. *Id.* During this period of time, the school district neither had an official procedure for lodging sexual harassment complaints nor issued a formal anti-sexual harassment policy. Gebser and her parents sued the school district, seeking monetary damages under Title IX for the teacher's sexual harassment.

■ As the private right of action under Title IX is judicially implied and not an area of the law on which Congress has specifically spoken, the Supreme Court concluded that it would "frustrate the purposes" of Title IX to permit a damages recovery against a school district when a student was sexually harassed by school personnel without some evidence that a school district official had actual notice of the sexual harassment; constructive notice that an official knew or should have known about the harassment is not a sufficient basis for liability. *Gebser*, 118 S.Ct. at 1999. Requiring actual notice of the violation to an appropriate person, as well as an opportunity for voluntary compliance before action against the school was taken, would serve the purpose to "avoid diverting educational funding from beneficial uses where a recipient was unaware of discrimination in its programs and is willing to institute prompt corrective measures." *Id.* at 1999. Thus, a damages remedy is not available unless a qualified official, meaning one who has authority to address the alleged discrimination and can institute corrective measures on the recipient's behalf, has actual knowledge of the discrimination and fails to respond in such a manner that amounts to deliberate indifference. *Id. Gebser* does not affect any right a plaintiff may have against a school district under state law or against the teacher or personnel in his or her individual capacity under 42 U.S.C. § 1983. *Id.* at 2000.

■ When applying these principles to the facts in *Gebser*, the Supreme Court held that it was clear that the proper officials had no actual knowledge of any Title IX violation. Complaints that a teacher made inappropriate comments during class did not alert the principal to the possibility that Waldrop was involved in a sexual relationship with one of his students. *Id.* Further, the fact that the school district did not promulgate and publicize a policy against sexual harassment did not affect its ruling, even though such a grievance procedure was required to be

adopted and published, pursuant to 34 C.F.R. § 106.8(b) (1997).

The facts in *Gebser* are quite similar to those in the present action, with the exception that the Grady County Board of Education has informed all of its students during discipline assemblies that the students should report any sexual harassment they may encounter. Moreover, this case involves the school's janitor while *Gebser* involves a teacher. Neither forms a basis to distinguish this case from *Gebser*.

Defendants at Issue assert that their motion for summary judgment should be granted as no appropriate official had actual knowledge of the incident until October 29, 1996. Plaintiff disputes this opinion, asserting that LaKisha Sherman was sexually assaulted on October 21 or 22, approximately one week after Chrispina Daniels told Defendant Fuller that Parker was making inappropriate comments to her. Plaintiff, in essence, contends that if the school had taken immediate action when Chrispina Daniels made her report, LaKisha Sherman would not have been harmed.

Even assuming the sexual assault occurred on October 21, it is undisputed that school officials lacked any knowledge that LaKisha Sherman had been approached by Defendant Parker until October 29, 1996. The initial report which was given on October 16 involved inappropriate comments to students other than the Plaintiff. The school took prompt action by meeting with Defendant Parker and warning him that if he made improper comments to the students he would be fired. Parker denied making the comments, so the school did not fire him, but told Parker's supervisor, Mr. Williams, to keep Parker from talking with the students and make sure he was properly performing his job. The Supreme Court explicitly held that constructive knowledge, i.e., whether school officials "should have known", is insufficient to form liability for monetary damages under Title IX. *Gebser*, 118 S.Ct. at 1999. Complaints of inappropriate comments from students other than LaKisha cannot amount to *actual* knowledge by school district officials that Parker would sexually assault another student who was not involved or mentioned in the complaint. *See id.* (finding that complaints regarding whether a teacher made inappropriate comments during class did not alert the principal to the possibility that such a teacher was involved in a sexual relationship with one of his students). When school officials became aware during their investigation that Defendant Parker may have engaged in inappropriate conduct with LaKisha, Principal Helms took immediate action, calling LaKisha into his office, at which point she reported the incident, Depo. of Taylor at 17–18; Depo. of Helms at 32–34. At that point, the school superintendent was informed of the situation and Defendant Parker's employment was terminated. Depo. of Helms at 37–40.

The Court finds Defendants at Issue properly supported their motion on the Title IX claims by pointing to an absence of evidence concerning whether Defendants at Issue had actual knowledge. Plaintiff, thus, must show the existence of a genuine issue of material fact that remains to be resolved at trial. Plaintiff has not shown any evidence which would establish that an official who has authority to address the alleged discrimination and can institute corrective measures on the recipient's behalf had actual knowledge of the discrimination and failed to respond in such a manner that amounts to deliberate indifference before the alleged sexual assault occurred. Accordingly, the Court finds Defendants at Issue' Motion for Summary Judgment should be granted as to the Title IX claim.

**B. Claims under 42 U.S.C. § 1983**

■■■ Under Section 1983, municipalities may be liable for a plaintiff's constitutional deprivation only where the municipality took an unconstitutional action by "implement[ing] or execut[ing] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 663, 98

S.Ct. 2018, 2022, 56 L.Ed.2d 611 (1978). A governmental custom may also establish municipal liability so long as the custom consists of "those practices of city officials that are 'so permanent and well settled' as to have 'the force of law.'" *Id.,* 436 U.S. at 691, 98 S.Ct. 2018. Not only must the Plaintiff point to an official policy or custom which allowed the constitutional deprivation to occur, but the Plaintiff must also show causation, i.e., that the official policy or custom was "the moving force" behind the constitutional violation, in order to establish the liability of a government body under § 1983. *Id.* at 694, 98 S.Ct. 2018.

■ Defendants at Issue assert that they are entitled to summary judgment on any Section 1983 claims since, under Section 1983, municipal liability can only be based upon the actions of an official with final policy-making authority, not upon the doctrine of respondeat superior. *See Monell v. Department of Soc. Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Hence, according to the Defendants at Issue, Plaintiff cannot establish any liability on the part of the municipality because school officials endorsed a policy which prohibited inappropriate contact between students and school personnel and acted reasonably in attempting to prevent this activity. According to Defendants at Issue, Plaintiff has not identified any particular policies or customs which would violate Plaintiff's constitutional rights. Defendants at Issue have supported their initial burden in pointing to an absence of evidence to support Plaintiff's claims.

■ In defense of her claim, Plaintiff asserts that Defendants violated Section 1983 when the administrative assistant for Grady County School District, Mr. Steven Wooten, limited surveillance cameras to cover only the inside of the main school building and not the ISS Building, where the incident occurred. According to the Plaintiff, this act "arguably emboldened Defendant Parker and was a causal factor leading to the sexual assault upon the Plaintiff." Pls.' Resp. at 6. Plaintiff cites no law which supports the view that a school district can violate Section 1983 for implementing further security systems by installing surveillance cameras in only limited portions of the school.

■ This Court is at a loss to perceive how, in this case, using limited resources dedicated to improving security systems at school can amount to a policy which deprived LaKisha Sherman of her rights. Moreover, Plaintiff must show that this policy was the *moving force* behind the injury alleged. Plaintiff asserts that by failing to place surveillance cameras in the ISS Building "arguably emboldened Defendant Parker and was a causal factor leading to the sexual assault upon the Plaintiff" and thus amounted to deliberate indifference to Plaintiff's safety. Pl.'s Resp.Br. at 6. As held by the United States Supreme Court, "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Board of County Comm'r of Bryan County v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997). Upon review, the Court finds that Plaintiff has failed to show that act of limiting surveillance cameras to the school's main building was the moving force behind Defendant Parker's sexual assault on LaKisha Sherman. As Plaintiff has not identified any other policy or custom which would establish the municipality's liability[3] and thus create a genuine

---

3. Defendants, in their Motion for Summary Judgment, also addressed another potential basis for institutional liability: that Defendants failed to perform a background check on Defendant Parker before he was hired. This does not create automatic liability. *See e.g., Board of County Comm'r of Bryan County*

*v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 1393, 137 L.Ed.2d 626 (1997) (holding that to establish municipality liability for failure to conduct a background check, courts are first required to "ask whether a full review of employee's record would reveal that the employer should have concluded employee would

issue for trial on her § 1983 claim, the Court finds summary judgment should be granted as to this portion of Defendants' at Issue motion.

## C. State Law Claims

Defendants at Issue contend that they are entitled to Summary Judgment on the State law claims, including intentional infliction of emotion distress, false imprisonment, and assault and battery, asserting the record demonstrates that these Defendants at Issue did not engage in any conduct which would support such claims. Plaintiff responds that Defendant Willie James Parker, Jr., is liable for damages caused by assault and battery, false imprisonment, and intentional infliction of emotional distress. Plaintiff, however, does not assert that the remaining Defendants at Issue are liable for any state law violations and does not address any action of the remaining Defendants at Issue which would violate such state laws.

As addressed above, Defendants at Issue may point to a complete lack of evidence when supporting a motion for summary judgment, thus shifting the burden to Plaintiff to point to such facts in the record which would establish a genuine dispute for trial. As Plaintiff does not point to any actions by Defendants at Issue which would support their liability for the violation of these state law claims, the Court finds that Defendants at Issue should be granted their Summary Judgment Motion as to these claims.

## D. Qualified Immunity and Sovereign Immunity

Defendants at Issue assert they are entitled to qualified immunity and that Defendant Board of Education is entitled to sovereign immunity. Both of these theories are a defense to liability once a basis for that liability is established. The Plaintiff has filed the following claims in her complaint against the Defendants at issue: violation of Title IX, violation of the Violence Against Women Act, violation of 42 U.S.C. § 1983, Intentional Infliction of Emotional Distress, False Imprisonment, and Assault and Battery. For the reasons addressed above, the Court does not find any liability at this point for the violation of the above claims. Accordingly, the Court need not address these defenses.

## CONCLUSION

For the reasons addressed above, the Court finds that Defendants at Issue's Motion to Dismiss should be, and hereby is, **GRANTED–IN–PART** and **DENIED–IN–PART**. Plaintiff's Complaint is hereby **DISMISSED without prejudice** as it pertains to an alleged violation of the portion of 42 U.S.C. § 13981 against Defendants Tim Helms, Charles M. Fuller, Grady County, and Grady County Board of Education. This claim still remains with regard to Defendant Parker. Plaintiff may file an amended complaint **within twenty (20) days** from the date of this Order in which to allege facts with more particularly demonstrating the Defendants' at Issue liability under this claim. The Court finds Defendants at Issue's Motion for Summary Judgment should be **GRANTED** as it pertains to the following claims: Title IX claims, Section 1983, and the State Law Claims of Intentional Infliction of Emotional Distress, False Imprisonment, and Assault and Battery. The Court emphasizes that all of Plaintiff's claims remain pending against Defendant Parker.

---

have engaged in the exact same behavior in his current job".) Defendants at Issue properly supported their initial burden under Rule 56. Plaintiff did not address this argument in her response brief or assert any facts which would support a § 1983 claim based on the failure to perform a background check. As Plaintiff obviously abandoned this claim, the Court finds no need to further address it.